# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-119V
### Filed: April 3, 2019
UNPUBLISHED

DANIEL BOITS,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Brenton Aaron Elswick, Maglio Christopher & Toale, PA, Seattle, WA, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 24, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that, as a result of receiving the influenza ("flu") vaccine on November 1, 2016, he suffered from a left shoulder injury related to vaccine administration ("SIRVA"). Petition at 1-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 8, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for his shoulder injury. On March 11, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $80,245.62, including $77,500.00 for pain and suffering, and $2,745.62 for past

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

unreimbursed expenses.  Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $80,245.62 in the form of a check payable to petitioner, Daniel Boits.**  This amount represents compensation for all damages that would be available under § 15, except for any amounts which may be awarded for attorneys' fees and costs under § 15(e).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

_____
                                        )
DANIEL BOITS,                           )
                                        )
            Petitioner,                 )        No. 18-119V   ECF
                                        )
            v.                          )        Chief Special Master Dorsey
                                        )
SECRETARY OF HEALTH                     )
AND HUMAN SERVICES,                     )
                                        )
            Respondent.                 )
_____ )

## PROFFER ON AWARD OF COMPENSATION[1]

### I.     Procedural History

On January 24, 2018, Daniel Boits ("petitioner") filed a petition for compensation

("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34, *as amended*.  He alleges that, as a result of receiving the influenza ("flu") vaccine on

November 1, 2016, he suffered from a left shoulder injury related to vaccine administration

("SIRVA").  Petition at 1-4.  On November 5, 2018, respondent filed his Vaccine Rule 4(c)

report, conceding a Table injury for SIRVA.  On November 8, 2018, the Chief Special Master

issued a ruling on entitlement, finding that petitioner was entitled to compensation for SIRVA.

### II.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

a lump sum of **$80,245.62** ($77,500.00 for pain and suffering, and $2,745.62 for past

unreimbursed expenses) for all damages.  This amount represents all elements of compensation

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to
address after the Damages Decision is issued.

to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$80,245.62**, in the form of a check payable to petitioner.[2]  Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357
Dated:  March 11, 2019            Fax: (202) 616-4310

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.